The opinion of the court was delivered by
Watkins, J.
Plaintiffs and appellees move the dismissal of EL & C. Newman’s appeal, on the grounds:
1. Plaintiffs’ attachment suit and opposition were consolidated before trial, and thereon judgment was rendered, but the appeal is prosecuted from the judgment on the opposition alone.
2. The lack of jurisdiction of this court ratione materise.
Prom the record it appears that plaintiffs filed a petition of opposition in an attachment suit against S. E. Blum, of previous date, and claimed a vendor’s lien and privilege on certain goods they had previously sold the defendant, Blum, and which they had identified, and caused to be sold separately from the mass of his property, and which realized the sum of §167, and which they claimed should be paid to them by preference over all attaching creditors of the common debtor. In the record we find an order of court consolidating the opposition and attachment suit of Adler & Co. and the judgment that was rendered in the consolidated canses; but we find none of the pleadings or proceedings in either the attachment suit of Adler- *837 ■& Co. or other parties againt Blum. In the petition of opposition quite a number of persons are mentioned as attaching creditors of Blum, and they were cited and answered, and contradictorily with them said judgment was rendered. It is from that judgment that H. & C. Newman have appealed. As it is the only judgment in the record, and the motion, order and bond of appeal conform to the judgment, the first ground of plaintiffs’ motion can not prevail.
But the second one is good, as we think it is manifest that there is no contingency in which we could render a judgment-for or against either party to this litigation for a sum of §2000. Adler & Co. only claim §167 in their opposition as the proceeds of the sale of certain movable effects on which they assert their vendor’s lien, and quoad hoc they claim the right to be paid by preference over other attaching creditors of same goods and effects. Between opponents and other attaching creditors there appears from the record to be no controversy as to proceeds of the sale of other goods. From aught that appears of record other creditors had no liens or privileges on the goods other than such as resulted from their attachments, and they were ranked according to the respective dates of seizure.
Under this state of facts there is but one single controversy under ■consideration, and that is whether Adler & Co. are entitled to priority over other attaching creditors of Blum upon the proceeds of the sale of ■the goods mentioned as being affected with a vendor’s lien and aggregating §167. The consolidated judgment appealed from dealt with this question alone, and maintained the plaintiff’s right of preference. It did not deal with the remainder of the proceeds or other attachment suits. While we think it is the proper course in such cases to form a coneursus and let judgment be rendered contradictorily with all parties in interest; yet it was not done, and we must take the case as we find it. Succession of Durand, 34 An. 585; Succession of McDowel, 35 An. 1025.
We are clearly of the opinion that we have no jurisdiction in the premises, and the appeal must be dismissed.
It is therefore ordered and decreed that the appeal in this ease be and the same is hereby dismissed.